## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| QUINCY BAISDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. 4:23-cv-896 HEA |
| ) | |
| ANNE L. PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented Plaintiff Quincy Baisden brings this action under 42 U.S.C. § 1983. ECF Nos. 1, 4.

On October 5, 2023, the Court granted Plaintiff's motion to proceed *in forma pauperis* and assessed an initial partial filing fee. ECF No. 6. The Court also found the amended complaint to be subject to dismissal pursuant to 28 U.S.C. § 1915 for three reasons: (1) Plaintiff did not provide a Statement of Claim as required by Rule 8 of the Federal Rules of Civil Procedure; (2) his official capacity claim against the warden of a state facility was not cognizable under § 1983 and barred by Eleventh Amendment immunity; and (3) his individual capacity claim against the Director of the Missouri Department of Corrections ("MDOC") failed as he did not present any facts demonstrating her personal responsibility.[1] As such, the Court ordered Plaintiff to file a second amended complaint within thirty (30) days if he wanted this case to proceed. *Id.* The Court warned Plaintiff that his failure to comply with that Order would result in dismissal of this action.

---

[1] Plaintiff's amended complaint clearly named Warden Gregory Hancock in his official capacity only and Director Anne L. Precythe in her individual capacity only. *See* ECF No. 4 at 2-3.

Plaintiff's response was due by November 4, 2023. To date, Plaintiff has neither responded to the Court's Order, nor sought additional time to do so.[2] Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given additional time. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's October 5, 2023 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this  7th day of December, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that, on October 11, 2023, plaintiff mailed a copy of his "Offender Grievance Appeal" and the MDOC's "Grievance Appeal Response" to this Court, but it was not accompanied by an amended complaint. The Order directing plaintiff to file an amended complaint did not instruct him to submit these documents.